[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On June 5, 2001, plaintiff-appellant Information Leasing Corporation ("ILC") filed this lawsuit against defendant-appellee Dennis Jasko for breach of contract. On September 24, 2001, Jasko filed an answer, a counterclaim, and third-party complaint. Jasko's claims against ILC and Teena Parsons were for failure to comply with security regulations; for violating the notice and disclosure requirements set forth in R.C. 1334.01 et seq.; for engaging in false representations, material concealments and failures to disclose; for breaching multiple fiduciary duties; and for breaching a contract. Nothing in the record indicates that Teena Parsons was served with a copy of the third-party complaint or that she was otherwise added to the action. On January 10, 2002, Jasko filed a motion to dismiss on the grounds of forum non-conveniens. On March 27, 2002, the trial court determined that Ohio was not a convenient forum for resolving the ILC dispute, and the court dismissed the claims against Jasko. In its order, the court did not acknowledge that there were pending counterclaims against ILC.
{¶ 3} On April 9, 2002, ILC filed a motion for reconsideration of the entry of dismissal on the grounds that there were significant unresolved issues with respect to Jasko's counterclaims. ILC then filed a notice of appeal with this court on April 11, 2002. The court did not rule on the motion before the record was submitted to this court on appeal. And the record has not been supplemented or otherwise corrected to demonstrate that the counterclaims have been resolved.
 {¶ 4} ILC appeals the trial court's judgment dismissing its claims against Jasko. However, we lack jurisdiction over this appeal.
{¶ 5} R.C. 2505.02 confers upon an appellate court jurisdiction over final orders.[1] An order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."[2]
{¶ 6} This case involves multiple claims. The trial court's dismissal of ILC's claims against Jasko is not a final appealable order because there are remaining counterclaims against ILC. When, as here, the trial court enters judgment as to fewer than all of the claims in a multi-claim case, there is no jurisdiction to entertain an appeal from that judgment unless the trial court certifies, pursuant to Civ.R. 54(B), that "there is no just reason for delay." The trial court made no such certification in this case. Accordingly, we dismiss the appeal.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{¶ 8} Doan, P.J., Gorman and Sundermann, JJ.
[1] See Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352, 354,1993-Ohio-120, 617 N.E.2d 1136.
[2] See R.C. 2505.02(B)(1).